UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Richard Parker,
    Plaintiff

    v.                                   Civil No. 05-cv-380-SM
                                        Opinion No. 2006 DNH 070
MVM, Inc.,
    Defendant

## **O R D E R**

Plaintiff, Richard Parker, brings this action against his former employer, MVM, Inc., claiming it unlawfully terminated his employment. In his complaint, Parker advances common law claims for wrongful termination and breach of contract, as well as state and federal statutory claims for age discrimination. MVM moves to dismiss the common law wrongful termination claim, asserting that because it is founded on Parker's assertion that he was discharged because of his age, it is preempted by the state and federal statutes prohibiting age discrimination. Parker objects.

### **Standard of Review**

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the

complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." Martin v. Applied Cellular Tech., Inc., 284 F.3d 1, 6 (1st Cir. 2002). Dismissal is appropriate only if "it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). See also Gorski v. N.H. Dep't of Corr., 290 F.3d 466, 472 (1st Cir. 2002) ("The issue presently before us, however, is not what the plaintiff is required ultimately to prove in order to prevail on her claim, but rather what she is required to plead in order to be permitted to develop her case for eventual adjudication on the merits.") (emphasis in original).

Notwithstanding this deferential standard of review, however, the court need not accept as true a plaintiff's "bald assertions" or conclusions of law. See Resolution Trust Corp. v. Driscoll, 985 F.2d 44, 48 (1st Cir. 1993) ("Factual allegations in a complaint are assumed to be true when a court is passing upon a motion to dismiss, but this tolerance does not extend to legal conclusions or to bald assertions.") (citations omitted). See also Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir. 1987).

**Background**

After reaching age 62, Parker spoke with representatives of MVM about reducing his employment from full-time to part-time, so he might begin receiving Social Security benefits without incurring tax penalties.  Eventually that request was honored and, although he retained the title "Quality Assurance Manager" and received the same hourly rate of pay, his work schedule was reduced to only 11 hours per week.  Soon thereafter, however, he was told that his position was erroneously converted to part-time.  But, rather than simply reinstating him to his prior full-time position (an option Parker says he both welcomed and communicated to MVM), MVM transferred Parker to another job and filled his former position with a younger employee.   Parker understandably viewed the transfer as a demotion.

In count one of his amended complaint (document no. 9), Parker asserts that he was constructively discharged when MVM demoted "him to a position for which he was grossly overqualified, ill-suited and in which he would be supervised by younger, less experienced personnel, including one who had been his subordinate."  Id. at para. 31.  He goes on to say:

> MVM's employment action against Parker was not
> motivated by business necessity but rather by malice

>  and personal animus, predicated on the view that he
>  would ultimately feel he had no choice but to resign
>  rather than continue working under circumstances that
>  MVM knew would be demeaning and intolerable.
>
>  Parker was punished <u>for seeking to continue to perform
>  a job he was deeply committed to</u> while obtaining
>  reasonable accommodation from his employer for age-
>  related limitations.
>
>  Considering the advancing average age of the American
>  worker and economic pressures extending the age at
>  which workers like Parker can reasonably expect to be
>  able to retire, there is a <u>sound public policy basis to
>  hold MVM legally accountable</u> for its wrongful actions
>  against Parker.

<u>Id</u>. at paras. 32-34 (emphasis supplied).


## Discussion

To state a viable claim for wrongful discharge under New Hampshire's common law, a plaintiff must allege two things:

>  one, that the employer terminated the employment out of
>  bad faith, malice, or retaliation; and two, that the
>  employer terminated the employment <u>because the employee
>  performed acts which public policy would encourage</u> or
>  because he refused to perform acts which public policy
>  would condemn.

<u>Short v. Sch. Admin. Unit No. 16</u>, 136 N.H. 76, 84 (1992) (citing <u>Cloutier v. A & P Tea Co.</u>, 121 N.H. 915, 921-22 (1981)) (emphasis supplied).  <u>See also</u> <u>Monge v. Beebe Rubber Co.</u>, 114 N.H. 130

(1974). Count one of Parker's complaint fails to state a viable cause of action for wrongful discharge for at least two reasons.

First, and most notably, while he certainly alleges that his former employer acted out of bad faith and/or malice, Parker fails to allege that he was discharged because he engaged in conduct which public policy would encourage or because he refused to engage in conduct which public policy would condemn. Instead, he says MVM terminated his employment because of his age. The New Hampshire Supreme Court has expressly held that the common law cause of action for wrongful termination is not the proper vehicle by which to seek redress for alleged age discrimination.

> We construe <u>Monge</u> to apply only to a situation where an employee is discharged <u>because he performed an act</u> that public policy would encourage, <u>or refused to do</u> that which public policy would condemn. A discharge due to sickness does not fall within this category, and is generally remedied by medical insurance or disability provisions in an employment contract. <u>Nor does discharge because of age fall within this narrow category</u>. The proper remedy for an action for unlawful age discrimination is provided for by statute.

<u>Howard v. Dorr Woolen Co.</u>, 120 N.H. 295, 298 (1980) (citations omitted) (emphasis supplied).

5

Nowhere in his complaint does Parker allege that his constructive termination was the result of his having engaged (or having refused to engage) in any particular conduct with public policy implications.  He claims he was demoted because of his age.  Under those circumstances, he cannot pursue a common law claim for wrongful discharge.  As the New Hampshire Supreme Court has made clear, the common law cause of action for wrongful discharge is not the proper means by which to remedy a discharge that was motivated by someone's status or physical condition.  Instead, that cause of action is properly invoked only when an employee is discharged in response to his or her having engaged in a "narrow category" of conduct.  <u>Howard</u>, 120 N.H. at 297.

Moreover, the Court of Appeals for the First Circuit has interpreted New Hampshire common law to preclude a cause of action for wrongful termination when the aggrieved employee has a statutory cause of action arising out of the same conduct.

> Title VII not only codifies the public policy against gender-based discrimination (including, but not limited to, pregnancy discrimination) but also creates a private right of action to remedy violations of that policy and limns a mature procedure for pursuing such an action.  Under <u>Wenners [v. Great State Beverages, Inc.</u>, 140 N.H. 100 (1995)], <u>the existence of such a remedy precludes the appellant, in the circumstances of this case, from asserting a common law claim for wrongful discharge</u>.

6

Smith v. F.W. Morse & Co., 76 F.3d 413, 429 (1996) (emphasis supplied).

The Smith decision remains binding precedent in this circuit.  So, since Parker asserts that his employment was terminated because of his age and since both state and federal statutes specifically provide a remedy for age discrimination, he cannot, as a matter of law, pursue a common law claim for wrongful discharge arising out of alleged age discrimination.

## Conclusion

For the foregoing reasons, Parker's amended complaint fails to state a viable claim for wrongful termination under the common law of New Hampshire.  Accordingly, defendant's motion to dismiss count one of plaintiff's amended complaint (document no. 12) is granted.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

June 20, 2006

cc: Glen A. Perlow, Esq.
    David W. McGrath, Esq.
    Christopher Cole, Esq.